UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BURNELL
THOMPSON,

           Petitioner,           Case No. 1:11-cv-573

v.                                            Honorable Robert J. Jonker

DEBORAH SCUTT,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a prisoner seeking relief from a state court judgment of conviction and sentence. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

## Background

Petitioner Christopher Burnell Thompson presently is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. In 2008, Petitioner was convicted of driving while under

the influence of a controlled substance, third offense, in violation of MICH. COMP. LAWS § 257.625(1)(a) and (9)(c), third-degree fleeing a police officer, in violation of MICH. COMP. LAWS § 257.602a(3)(a), and driving a vehicle on a suspended license, in violation of MICH. COMP. LAWS § 257.904(1) and (3)(b).[1]  (*See* Petition, Ex. D, Judgment of Sentence, Page ID#144); *see also Michigan v. Thompson*, No. 287737, 2009 WL 3683378 (Mich. Ct. App. 2009).  During pretrial proceedings before the Mecosta County Circuit Court, Petitioner filed a "Declaration of Allegiance to the Michigan Republic" (Ex. B, Page ID#53) and a motion requesting evidence of the court's jurisdiction over Petitioner (Ex. I, Page ID#204).  On January 14, 2008, at the hearing on Petitioner's evidentiary motion, the circuit court ruled that it had jurisdiction over Petitioner.  (Ex. G, Hr'g Tr., Page ID#165.)  After the hearing, Petitioner filed a "demand for extradition" and a "notice of withholding of removal by foreign authority."  (Ex. I, Page ID#206.)

Petitioner's case proceeded to trial and a jury found Petitioner guilty of the aforementioned charges.  The state court entered its judgment in February of 2008.  (Ex. D, Judgment of Sentence, Page ID#144.)  On November 5, 2009, the Michigan Court of Appeals denied Petitioner's direct appeal.  *See Michigan v. Thompson*, No. 287737, 2009 WL 3683378.  On April 27, 2010, the Michigan Supreme Court denied Petitioner's request for leave to appeal.  *See Michigan v. Thompson*, 780 N.W.2d 824.  In 2009, while his appeal was pending, Petitioner filed additional documents with the state court, including a "Private International Demand for a More Definite Statement in the Nature of a Bill of Particulars – Conditional Acceptance for Value nunc pro tunc upon Proof of Claim" (Ex. D, Page ID#129), a "Notice of Default and Opportunity to Cure" (Ex. E,

---

[1] On the third charge (driving with a suspended license), Petitioner was sentenced to a 365-day term of imprisonment.  It appears that he has completed his sentence for that charge.  For the other two charges, Petitioner received concurrent sentences of eight to fifty years of imprisonment.

Page ID#152) and an "Affidavit of Evasion of Process" (Ex. F, Page ID#156).

Petitioner filed the instant application for habeas relief on June 2, 2011. In addition to his petition and its exhibits, he has filed a motion for an evidentiary hearing on his petition (docket #2), a motion for issuance of a subpoena duces tecum (docket #3), an affidavit in support of a preliminary injunction and temporary restraining order (docket #4), and a document notifying the Court that he invokes admiralty jurisdiction and requesting the Court to order the prison librarian to make copies of his petition (docket #5).

Petitioner purports to raise twelve distinct claims challenging his conviction and sentence. The substance of his claims can be summarized as follows: (1) the state court did not have jurisdiction over Petitioner because he is a "sovereign," an "American national," and a citizen/member of the "Michigan Republic"; (2) the criminal judgment is not enforceable because Petitioner holds "superior title and claim" over the judgment and he has "settled all matters in controversy at issue" in the case; (3) the Michigan statutes under which Petitioner was convicted do not apply to Petitioner because he is a "sovereign" and not a "person" within the meaning of those statutes; (4) the Michigan laws supporting Petitioner's conviction violate his constitutional right to travel; (5) the state court lacked jurisdiction because Petitioner had a right to removal under the Foreign Sovereign Immunities Act and the federal removal statute, 28 U.S.C. § 1446; (6) Petitioner is being wrongly imprisoned on behalf of another entity called "CHRISTOPHER BURNELL THOMPSON"; and (7) Petitioner's conviction was the result of fraud and misconduct on the part of the state court, the prosecution, and defense counsel.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, Pub.

L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

### A.     Jurisdiction

Petitioner claims that the state court lacked jurisdiction over him because he is a "sovereign," a "natural person," and a member of the Michigan Republic.  Generally, the determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts.  *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976).  It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Thus, in the absence of a violation of federal or constitutional law, Petitioner's claim that the state court lacked jurisdiction over him is not cognizable on habeas review.

Even if it were cognizable, Petitioner's claim that the state court lacked jurisdiction is without merit.  Petitioner appears to contend that the filing of a declaration of allegiance to the "Republic of Michigan" renders him immune from jurisdiction in Michigan state courts.  He is

4

mistaken. Petitioner, a Michigan resident, was charged with violation of Michigan state law for conduct occurring in Mecosta County, Michigan (*see* Ex. D, Felony Compl., Page ID#146), and he was tried and convicted by the Mecosta County Circuit Court (Ex. D, Judgment of Sentence, Page ID#144). The Court cannot discern any reason why the state court would not have jurisdiction over Petitioner or over the criminal action.

Petitioner also contends that the State of Michigan and the United States are corporations, and as such, can only "interface" with other artificial entities, not natural persons like Petitioner. In support of his argument, Petitioner cites the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. 3002 et seq., and the Michigan Constitution, Article VII, section 1, neither of which supports his claim that the State of Michigan and the federal government are corporations.[2] Petitioner contends that, as corporations, the State of Michigan and the federal government cannot "concern [themselves] with anything other than corporate, artificial entities and intangible abstractions." (Mem. in Supp., Page ID#65.) If Petitioner's reasoning is correct, however, no court would have the power to enter or enforce judgments against individuals. Indeed, Petitioner's reasoning would arguably preclude this Court from considering Petitioner's request for relief. Such reasoning is devoid of legal support and contrary to common sense.

### B. Title and claim over judgment

Relying on scattered provisions in the Uniform Commercial Code as well as documents that Petitioner filed with the state court following the criminal judgment, Petitioner asserts that he has superior "claim and title" to the judgment of sentence and conviction over himself,

---

[2] The FDCPA does not state that the federal government is a corporation. Article VII of the Michigan constitution merely indicates that "each organized county shall be a body corporate." Mich. Const. Art VIII, § 1.

and that he is therefore entitled to release himself from the judgment. Petitioner contends that by failing to respond to his state-court filings, the court and/or the State of Michigan conceded that he is now the holder of the criminal judgment against himself. The Court discerns no legal authority by which Petitioner could gain "title" or "claim" to his criminal judgment such that he could unilaterally release himself from the sentence. As its title implies, the Uniform Commercial Code (UCC) governs *commercial* transactions. *See* MICH. COMP. LAWS § 440.1102(2) (describing the purposes of Michigan's UCC). It is not a source of substantive rights in a criminal action. Moreover, the state's failure to respond to Petitioner's legally frivolous filings has no relevance to the enforceability of that judgment against Petitioner. Accordingly, Petitioner's claim that the judgment of conviction and sentence is not enforceable because he has "superior claim and title" is without merit.

### C. Application of Michigan law

Petitioner also claims that Michigan law does not apply to him because he is a "sovereign" and an "American national," rather than a "person" within the meaning of the Michigan criminal statutes. Even if this claim were not patently frivolous, it is not cognizable in federal habeas review because it questions the state court's interpretation and application of its own criminal law. The Sixth Circuit has declared that "[f]or excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus." *Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001) (citation omitted).

### D. Right to Travel

Next, Petitioner claims that the State of Michigan violated his constitutional right to travel by enforcing laws prohibiting driving while intoxicated or driving with a suspended license. This claim is without merit because Petitioner misunderstands the nature of the right to travel. The Supreme Court has recognized a right to travel that is essentially a right of citizens to migrate freely between states. *See Saenz v. Roe*, 526 U.S. 489, 500 (1999). This right includes:

> [T]he right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Id*. Petitioner does not state a claim based on the particular rights recognized in *Saenz*. He does not argue that Michigan law hinders any of the rights set forth in *Saenz*.

The Sixth Circuit has also recognized a constitutional right of *intra*state travel, i.e., a "right to travel locally through public spaces and roadways." *Johnson v. Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002). In contrast to the rights recognized in *Saenz*, the right of *intra*state travel is "essentially a right of access" to public spaces. *Id.* at 503. Nevertheless, the right of intrastate travel does not go so far as to encompass a "a right to a driver license or a right to drive a motor vehicle." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 534 (6th Cir. 2007) (affirming district court opinion).

Petitioner was convicted of driving while intoxicated and driving on a suspended license. To the extent Petitioner claims that he was constitutionally entitled to drive without a valid license, "federal courts uniformly reject suits by plaintiffs who seek vindication of their nonexistent 'right' to operate motor vehicles without complying with state licensing laws." *McGhee v. McCall*,

No. 1:10-cv-333, 2010 WL 2163818, at *2 (W.D. Mich. Apr. 19, 2010) (citing cases). To the extent Petitioner claims that he was constitutionally entitled to operate a motor vehicle while intoxicated, his claim is without merit because "there is no fundamental right to drive a motor vehicle." *Duncan v. Cone*, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) (noting that "a burden on a single mode of transportation simply does not implicate the right to interstate travel"). In short, the laws supporting Petitioner's conviction and sentence do not implicate his constitutional right to travel. As a consequence, the state court's judgment was entirely reasonable under established Supreme Court precedent.

### E. Removal

Next, Petitioner claims that he was entitled to removal under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 et seq., and the federal removal statute, 28 U.S.C. § 1441 et seq. According to Petitioner, his "absolute right to removal" deprived the state court of jurisdiction over his criminal action. Petitioner contends that the state court erred by not addressing his motion for removal. Petitioner's reliance upon the FSIA and the federal removal statute is misplaced.

The federal removal statute does not apply to Petitioner's criminal action. Section 1441 allows for removal to federal court of *civil* actions, in circumstances where those courts have original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Similarly, § 1441(d) allows for removal of *civil* actions against a foreign state. *See* 28 U.S.C. § 1441(d). These provisions do not apply to Petitioner's *criminal* action. Likewise, § 1443 of the removal statute, which does allow for removal of certain criminal actions, does not apply. That section allows for removal of criminal

actions:

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

18 U.S.C. § 1443. A petition under § 1443 must, at a minimum, allege the denial of a right under a federal law "'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Petitioner makes no assertion that he was entitled to removal in order to assert rights related to racial equality.

Moreover, Petitioner's motion for removal was procedurally improper because the federal removal statute requires that a motion for removal be filed with the *federal district court*. *See* 28 U.S.C. § 1446(a). Therefore, Petitioner's motion filed in state court was defective and had no impact the state court's jurisdiction over the criminal action or its ability to enter judgment against him.

Similarly, the FSIA does not apply to Petitioner. The FSIA provides for certain immunities from jurisdiction for "foreign states," *see* 28 U.S.C. § 1604, but Petitioner is not a foreign state within the meaning of the Act. Foreign states are defined therein as "a political subdivision of a foreign state *or* an agency or instrumentality of a foreign state[.]" 28 U.S.C. § 1603(a) (emphasis added). An agency or instrumentality of a foreign state is further defined as "any entity–"

>   (1) which is a separate legal person, corporate or otherwise, and
>
>   (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
>   (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b). Petitioner is not a foreign state, and nothing in his petition suggests that he was an "agency or instrumentality" of a foreign state at the time of the criminal action. *See* 28 U.S.C. § 1603(b). Petitioner's claim of allegiance to a fictitious entity, the "Republic of Michigan," did not render him a foreign state, or an agency or instrumentality thereof, under the FSIA.

In sum, the Court cannot discern a basis for removal of Petitioner's action from state court. Petitioner's contention that he was entitled to removal under the federal removal statute or under the FSIA is without merit.

### F. False imprisonment

Petitioner also claims that he is being wrongly imprisoned on behalf of a separate legal entity referred to as "CHRISTOPHER BURNELL THOMPSON." It appears that Petitioner contends that the court's use of his name in capital letters in the criminal complaint and/or judgment refers to a separate or fictitious entity, and is enforceable only against that other entity. This claim is patently frivolous. The use of Petitioner's name in capital letters has no bearing on the validity of the judgment as applied to Petitioner.

Moreover, to the extent Petitioner asserts a state-law claim of false imprisonment, such a claim is not cognizable on habeas review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws

or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Furthermore, a false imprisonment claim does not provide an independent basis for pursuing relief from a state conviction in federal court. A state prisoner challenging his conviction in federal court has but one remedy: an application for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All applications for writs of habeas corpus are governed by 28 U.S.C. § 2241. *Id.* Petitioner contends that § 2254 does not apply because he is a "sovereign," not a "person" within the meaning of that statute. The court in *Rittenberry* made clear, however, that there is no vehicle for prisoners to seek relief from state court convictions in federal court apart from §§ 2241 and 2254. Therefore, to the extent Petitioner seeks to challenge his imprisonment, he must rely upon from §§ 2241 and 2254. For the foregoing reasons, therefore, Petitioner's false-imprisonment claim does not state a meritorious claim for habeas relief.

### G. Fraud and misconduct

Petitioner mentions throughout his petition and brief that he is being incarcerated by means of a fraud or misconduct on the part of the state court, the prosecution, and his defense attorneys. For instance, Petitioner contends that:

> [B]oth the defense and prosecuting attorneys . . . exhibited a reckless disregard for the truth and committed unconscionable fraud on the court and Petitioner when both attorneys: (A), portrayed the de facto state and federal corporate governments as de jure sentient, natural beings; (B), portrayed the alleged crimes charged as criminal crimes rather than commercial crimes; (C), conducted contractual negotiations without Petitioner's consent or knowledge and without informing him of the express character or essentials thereof; (D), the attorneys operated under competing-conflicting interests, and; (E), by

11

> virtue of fraud and other gross misconduct, obtained an illegal judgement [sic].

(Mem. in Supp., docket #1-2, Page ID##75-76.) The Court construes Petitioner's claim as alleging unconstitutional prosecutorial misconduct, judicial bias, and ineffective assistance of counsel, but none of Petitioner's allegations are supported by facts suggesting anything of the sort. At best, Petitioner asserts legal conclusions. Petitioner's allegations do not support a meritorious claim for habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily deny Petitioner's habeas petition pursuant to Rule 4 because it fails to raise a meritorious claim. Because the petition will be denied, the remainder of Petitioner's motions will be denied because they are moot.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     July 13, 2011              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE